Arlene Hendricks, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Richard S. Packel,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 6, 1979:

Arlene Hendricks (petitioner) appeals here from a Department of Public Welfare (DPW) decision denying her a special grant in the form of a moving allowance.

The petitioner, a recipient of AFDC[1] benefits, requested a moving allowance from the Delaware County Board of Assistance (CBA) pursuant to a DPW regulation which provides:

> (3) Actual minimum cost of transportation and necessary related expenses which cannot be met from other resources will be authorized a one-time grant or included in the computation of the grant if any of the following circumstances exist:
>
> (i) A client must move either because he has received an order to vacate his present home, or his present home is detrimental to his health and welfare but he has no order to vacate.

---

[1] Aid to Families with Dependent Children.

In either case, the allowance must be approved in advance by the Executive Director or his delegate as set forth for SSI persons in §297.3 of this title (relating to requirements). Actual minimum cost of transportation will include transportation of persons and their household effects, to their new residence and any necessary expenses enroute.

55 Pa. Code §175.23(b).[2]

The record indicates that at the time of the request the petitioner represented that she was moving because she had received an eviction notice. The CBA examined the document she presented and, after consulting with her landlord,[3] denied her request. On appeal and after a fair hearing, that decision was affirmed.

Our scope of review, of course, is limited to a determination as to whether or not the decision was made in accordance with the law and is supported by substantial evidence and whether or not constitutional rights were violated. 2 Pa.C.S. §704.

The petitioner contends that she was entitled to the special grant authorized by the regulation because she was required to move under *both* of the conditions specified in the regulation (*i.e.* she received an order to vacate, and the home was detrimental to health and welfare). The DPW maintains, however, that she did not receive an "order to vacate" within the meaning

[2] Currently found at §175.13(b)(3) of the Public Assistance Eligibility Manual (PAEM).

[3] At the hearing a representative of the County Board testified that in a conversation with the landlord, the landlord indicated that the letter sent to the petitioner was a form letter which is intended to serve as a delinquency notice, not an actual eviction notice. Although this testimony was hearsay, it was not objected to by the petitioner. Because it was corroborated by other admissible testimony, it can be afforded its natural probative weight. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

of the regulation and that there is insufficient evidence to support her claim that she moved because the home was detrimental to the health and welfare of herself and her four children.

The center of controversy is of course the so-called "order to vacate." Although the document in question is captioned "Eviction Notice," it very clearly states that the notice can be avoided by the payment of the past due rent. It is, essentially, a notice that the rent had not been paid and a warning of the consequences of a continued failure to pay. We believe, therefore, that the DPW did not abuse its discretion in refusing to treat this notice as an order to vacate. The referee found as a fact that the reason why the petitioner did not pay her rent and thus received the notice was because she had used the money available for rent to put a deposit on another house. He concluded, therefore, that the petitioner was not moving in response to the alleged "eviction notice," but had already decided to move before she received this notice. There is substantial evidence in the record to support this finding and we will not disturb it.

As to the petitioner's argument that she was required to move because the condition of the apartment was detrimental to her family's health and welfare, it appears that she first advanced this reason at the hearing before the hearing examiner. He concluded, however, that she had failed to establish these grounds as the reason for her move, and we believe that there is substantial evidence in the record to support this conclusion, so we must therefore affirm.

The order of the DPW is affirmed.

ORDER

AND Now, this 6th day of June, 1979, the order of the Department of Public Welfare denying a moving allowance to Arlene Hendricks is hereby affirmed.